```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Steven Pajak,                  )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No.
                               )   19-10277-NMG
Rohm & Haas Company et al.,    )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of an industrial accident in which Steven Pajak ("Mr. Pajak" or "plaintiff") suffered serious personal injuries. He brings claims for negligence against Rohm & Haas Company ("Rohm & Haas") and The Dow Chemical Company ("Dow Chemical") (collectively "the Dow defendants") as the entities that owned and maintained both the allegedly defective container which caused the accident and the chemical manufacturing facility where the accident occurred.

Mr. Pajak alleges that the Dow defendants improperly designed, maintained, inspected and developed safety procedures and failed to protect against various hazards associated with the "trimethylaluminum reclamation process" in which he was engaged when injured.

Before this Court is the motion of Rohm & Haas and Dow Chemical to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) because they submit that the claims are barred by the statute of limitations.

I.  **Background**

   A.  **The Parties**

Mr. Pajak is a resident of Billerica, Massachusetts. He was employed at a chemical manufacturing facility located in North Andover, Massachusetts which is owned, operated and/or maintained by the Dow defendants ("the Facility").

Rohm & Haas is a Delaware corporation with a principal place of business in Collegeville, Pennsylvania. It manufactures specialty chemicals for use in building and construction, electronic devices, packaging and household and personal care products. It is a wholly owned subsidiary of Dow Chemical. Dow Chemical is a Delaware corporation with a principal place of business in Midland, Michigan. It is one of the largest American, multi-national, chemical corporations and it manufactures plastics, chemicals and agricultural products. Dow Chemical is, in turn, is a wholly owned subsidiary of Dow, Inc. which is a publicly held company (and not a named defendant). The defendants together allegedly own, operate and maintain the Facility.

**B.  The Accident**

In or about January, 2016, Mr. Pajak was working at the Facility when oxygen came into contact with trimethylaluminum contained in the allegedly defective container, resulting in an explosion and fire.  Plaintiff sustained serious personal injuries as a result of the explosion, including serious burns to his face and hands and loss of vision in his left eye.

Plaintiff sought and obtained compensation from Rohm and Haas Electronic Materials LLC ("RHEM"), a subsidiary of Defendant Rohm and Haas, under the Massachusetts Workers' Compensation Act ("the MWCA"), M.G.L. c. 152.  In August, 2017, the Massachusetts Department of Industrial Accidents ("the DIA") approved his lump sum settlement agreement with RHEM and its workers' compensation insurer pursuant to § 48 of the MWCA.  He was paid $253,000 as a result of that settlement.  In the form submitted to the DIA for approval of the settlement, Mr. Pajak explicitly acknowledged that RHEM was his employer and that the payment he received was in redemption of the liability owed to him by RHEM under the MWCA.

**C.  Procedural History**

In January, 2019, plaintiff filed a complaint in the Massachusetts Superior Court for Essex County against the Dow Defendants, REHM and Alfa Laval, Inc. (a corporation which had allegedly designed, manufactured, marketed and/or distributed

the purportedly defective container). In February, a notice of removal was filed by Alfa Laval (to which the other defendants consented), invoking this Court's federal diversity jurisdiction. Subsequently, all defendants filed motions to dismiss on various grounds. In July, 2019, this Court allowed 1) Alfa Laval's motion to dismiss for lack of personal jurisdiction, 2) REHM's motion to dismiss for lack of jurisdiction and failure to state a claim and 3) the motion of Rohm & Haas and Dow Chemical for judgment on the pleadings. All claims were dismissed without prejudice and the Court granted the plaintiff 30 days to file an amended complaint.

On July 16, 2019, plaintiff filed an amended complaint against only the Dow defendants, which promptly moved to dismiss. The Dow defendants submit that the statute of limitations on Mr. Pajak's claims expired between the time this Court dismissed his claim without prejudice and the time he filled his amended complaint. Mr. Pajak responds that his claim is not barred because it relates back to his initial complaint under Rule 15(c) of both the Massachusetts and the Federal Rules of Civil Procedure.

## II. Defendants' Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain

"sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Statute of Limitations**

A defendant may assert a statute of limitations defense in a motion to dismiss "provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." TransSpec Truck Svc., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citations and internal quotation

marks omitted). Granting a motion to dismiss on limitations grounds is appropriate when the complaint "leave[s] no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). Conversely, dismissal is inappropriate when the complaint "sketch[es] a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel." Trans-Spec Truck, 524 F.3d at 320.

In Massachusetts, negligence claims are subject to a three-year statute of limitations. See G.L. c. 260, § 2A. As a general rule, a claim accrues at the time the plaintiff is injured. See Koe v. Mercer, 876 N.E.2d 831, 836 (Mass. 2007). Mr. Pajak alleges that he sustained injuries in the explosion on January 7, 2016. Therefore, the statute of limitations accrued on that day and would have expired three years later, on January 7, 2019 but for his filing of the initial complaint, on January 3, 2019, four days before such expiration.

The Dow defendants contend that after this Court dismissed plaintiff's claims without prejudice on July 3, 2019, the statute of limitations clock (which was tolled while the claim was adjudicated) restarted and then expired four days later on July 7, 2019. Defendants argue that because Mr. Pajak filed his amended complaint on July 16, 2019, the limitations period had run and the complaint should therefore be dismissed. Plaintiff

responds that his amended complaint is not barred because it relates back to the date of his original pleading on January 3, 2019, four days before the limitations period expired.

**1. Relation Back**

  **a. Legal Standard**

Rule 15(c) of both the Federal and the Massachusetts Rules of Civil Procedure allow for a subsequent pleading to relate back to the date of the original pleading under certain circumstances. As set forth in Mass. R. Civ. P. 15(c),

> [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

Although substantively similar to Fed. R. Civ. P. 15(c), the Massachusetts relation back rule covers a broader range of amendments and is generally more liberal than its federal counterpart. See Mass. R. Civ. P. 15, Reporters' Notes (1973) (noting that "[i]n general, the law in this Commonwealth with respect to amendments is more liberal than elsewhere"); See also Bengar v. Clark Equip. Co., 517 N.E.2d 1286, 1287 (1988).

Under Massachusetts Law, an amended complaint, if allowed, "automatically relates back" to the original complaint. Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 980 (1st Cir. 1991) (citing M.G.L.c 231, § 51); See also Labrador v. Indus. Contractors' Supplies, Inc., No. CV 13-13029-MLW, 2015 WL 5737141, at n.1

(noting that Mass. R. Civ. P. 15 (c) incorporates the language of § 51.)

### b. Choice of law

Whether an amended complaint "relates back" for purposes of the statute of limitations is governed by Mass. R. Civ. P. 15(c). In a diversity action, the choice between the state and federal relation back rule functions as "a one-way ratchet, meaning that a party is entitled to invoke the more permissive relation back rule." Coons v. Indus. Knife Co., 620 F.3d 38, 42 (1st Cir. 2010) citing Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009). See also 3 James Wm. Moore et al., Moore's Federal Practice § 15.19[1] (3d ed. & Supp.2010) ("[I]f state law permits relation back when the federal rules would not, the more forgiving state rule controls."). Because the Massachusetts Rule is less restrictive, it governs in this case.

### c. Analysis

In accordance with the theory of liberalized pleading in both the federal system and under Massachusetts law (Mass. R. Civ. P. 15(c) and, by incorporation, M.G.L.c 231, § 51) Mr. Pajak's amended complaint relates back to the date of his initial pleading and is not, therefore, barred by the statute of limitations. See e.g. Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004) (noting that "amendments that restate the original claim with greater particularity or amplify the

factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)").

As to the threshold requirement of Mass. R. Civ. P. 15(c), there is no doubt that Mr. Pajak's amended complaint arises from the same transaction or occurrence as his initial complaint. Both complaints allege the same industrial accident, describe the same cause of action, seek redress for the same injuries and name (at least a subset of) the same defendants.

Moreover, the general purpose of statutes of limitations is to ensure potential defendants are put on notice of claims against them and to "avoid the difficulties inherent in litigating matters long past." Marcoux v. Shell Oil Prods. Co., 524 F.3d 33, 42 (1st Cir. 2008). See also United States v. Kubrick, 444 U.S. 111, 117 (1979). The amended complaint was filed with leave of the court just 13 days after the initial complaint was dismissed without prejudice. Relation back will not unduly prejudice defendants or contravene the purpose of the statute of limitations.

In this circumstance, the fact that Mr. Pajak's claim was initially dismissed without prejudice does not now preclude application of the liberal Massachusetts rules governing relation back. Defendants have proffered no reason for the Court to depart from the rule that an amended complaint relates

-9-

back to the date of the initial filing.  The cases cited by the
Dow Defendants are inapposite.

Because Mr. Pajak promptly filed his amended pleading after
he was granted leave to do so, defendants cannot claim they did
not receive adequate notice or were hindered in their ability to
defend the case.  Mr. Pajak is not now attempting to assert new
causes of action or assert new theories of liability.  Under
Massachusetts law, he is entitled to have his amended complaint
relate back to the initial date of filing.

## ORDER

For the foregoing reasons, the motion of Rohm & Haas and Dow
Chemical to dismiss the amended complaint as barred by the
statute of limitations (Docket No. 36) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 9, 2019